Tamara D. DeHaan, Esq., 113932
LAW OFFICES OF TAMARA D. DeHAAN
6205 Lusk Boulevard, 2nd Floor
San Diego, CA  92121-2731
Ph: (858) 404-1322
Fax: (858) 404-1345

Attorney for Material Witness/es

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Jose Luis QUINTERO-Arias,<br><br>　　　　Defendant. | Crim. Case No. 07cr2878-LAB<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET VIDEOTAPED DEPOSITIONS OF MATERIAL WITNESSES AND REQUEST FOR STATEMENT OF REASONS IN SUPPORT OF CUSTODY<br><br>Hearing Date: November 6, 2007<br>　　　Time: 9:00 a.m.<br>　Mag. Judge: Ruben B. Brooks |

　　　Material Witnesses SALVADOR BARRAGAN-CRUZ and RAUL LIZARRAGA-BORQUEZ (hereinafter, "Material Witnesses") by and through their counsel, Tamara D. DeHaan, submit the following Memorandum of Points and Authorities in support of their motion to set videotaped deposition.

## I.

## **INTRODUCTION**

　　　On or about October 1, 2007, the Material Witnesses were detained by the United States Border Patrol at San Diego County, California, in connection with the arrest of JOSE LUIS QUINTERO-ARIAS, a defendant in the above-entitled case.  The defendant has been charged with bringing in illegal aliens without presentation in violation of Title 8, U.S.C. § 1324(a)(2)(B)(iii), and Material Witnesses are being detained as material witnesses under Title 8, U.S.C. § 1227(d).

The Material Witnesses are unable to arrange for their release by bail. However, it is unnecessary to keep the Material Witnesses in custody because their testimony can be preserved through the use of a videotaped deposition.[1] The Material Witnesses therefore request a court order that their testimony be preserved through the use of a videotaped deposition and, thereafter, that they be allowed to return to their respective homes in Mexico.

## II.
## THE TESTIMONY OF THE MATERIAL WITNESSES CAN BE SECURED BY VIDEOTAPED DEPOSITION, AND THERE IS NO COMPELLING REASON TO KEEP THEM IN CUSTODY.

Title 18, section 3144 of the United States Code provides, "No material witness may be detained…if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice."

Since depositions of material witnesses may be used at trial in criminal cases, it is only in exceptional circumstances, i.e., where the interests of justice will be denied, that a videotaped deposition is not appropriate. Torres-Ruiz v. United States, 120 F.3d 933 (9th Cir. 1997) [citing Aguilar-Ayala v. Ruiz, 973 F. 2d 411, 413 (5th Cir. 1992)] see also, 8 U.S.C. § 1324(d), Federal Rules of Evidence 804, and Federal Rules of Criminal Procedure, Rule 15. Defendants may be present at the videotaped deposition and therefore have a full and fair opportunity to cross-examine the witness. Further, the videotape provides sufficient indicia of reliability to afford the trier of fact a satisfactory basis for evaluating the truth of a statement. Dutton v. Evans, 400 U.S. 74, 89 (1970).

The government or the defendant can effectuate the detention of a material witness upon a showing that (1) the material witness will, in all likelihood, be unavailable to testify for trial, and (2) that

---

[1] While a witness may be detained for a reasonable period of time, the court must vigilantly guard an undocumented alien's "overriding liberty interest" and schedule a videotaped deposition at the earliest possible time. Aguilar-Ayala v. Ruis, 973 F. 2d 411, 419 (5th Cir. 1992).

the use of deposition testimony will deny the defendant a fair trial because live testimony would somehow be significantly different. Aguilar-Ayala v. Ruiz, 973 F.2d at 413 (5th Cir. 1992); United States v. Humberto Rivera, 859 F.2d 1204, 1208 (4th Cir. 1988). In the instant matter, that burden would be difficult to sustain because the Material Witnesses have indicated they are willing to return for trial if the government makes arrangements for their legal re-entry into the country and provides travel expenses.[2] (DeHaan Declaration at paragraph 8).

The Material Witnesses should not be detained because their testimony can be adequately secured by deposition. This is a very routine alien smuggling case. Based on interviews with the Material Witnesses, and the report submitted by the arresting agency, the facts to which the Material Witnesses are competent to testify are straightforward. (DeHaan declaration at paragraph 7).

Moreover, neither the Material Witnesses nor their Counsel has been informed by either the government or defense attorneys of any reason why the witnesses' detention is necessary to prevent a failure of justice. (DeHaan Declaration at paragraph 8.) Quite to the contrary, the witnesses have already spent a considerable time in jail and it is very important that they be released as soon as possible so that they may be reunited with their families in Mexico. (DeHaan Declaration at paragraph 7).

For these reasons, the Material Witnesses request that the court order the taking of their videotaped depositions immediately, and that they thereafter be promptly returned to Mexico.

///
///
///
///

---

[2] The government would undoubtedly take reasonable steps in this case, as it has in other similar cases, to secure the witnesses' testimony at trial by personally subpoenaing the witnesses, providing travel costs, and arranging for legal re-entry of the aliens. (United States v. Eufracio-Torres, 890 F.2d 266, 2170 (10th Cir. 1989) Cert. Denied 494 U.S. 1008 (1990) [Government need not guarantee the witness will be available, only that they use good-faith efforts to secure their presence at trial]; see also, Ohio v. Roberts, 448 U.S. 56, 65 (1980) [So long as the government uses reasonable measures to secure a witness at trial, a deposition is admissible over a defendant's Confrontation Clause and hearsay objections].

## III.

## IF THE COURT DENIES THE MATERIAL WITNESSES' REQUEST TO TAKE THEIR VIDEOTAPED DEPOSITIONS, THEY REQUEST THAT THE GOVERNMENT PROVIDE THEM WITH A STATEMENT OF REASONS WHY THEY HAVE TO REMAIN IN CUSTODY.

Where a witness has been held in custody for more than 10 days, the government has an obligation to prepare a biweekly report stating the reasons why such witness should not be released following completion of his videotaped deposition.

The Material Witnesses are not aware of any reason why they should remain in custody, but to the extent the government knows of any such reason, they hereby request that the government provide them with a copy of a biweekly written report indicating these reasons.

## IV.
## CONCLUSION

For the foregoing reasons, the Material Witnesses respectfully request that their motion for the taking of videotaped depositions be granted. In the alternative, the Material Witnesses request that they be immediately provided with a statement of reasons why it is necessary to continue to detain them in custody.

DATED: October 24, 2007                         LAW OFFICES OF TAMARA D. DeHAAN


                                                By:    s/Tamara D. DeHaan
                                                       Tamara D. DeHaan
                                                       Attorney for Material Witnesses