

RECEIVED
2007 NOV 16 A 4: 13
U.S. MARSHAL
SOUTHERN DISTRICT OF
CALIFORNIA

KAREN P. HEWITT
United States Attorney
PAUL L. STARITA
Assistant U.S. Attorney
California State Bar No. 219573
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6507
Facsimile: (619) 235-2757

Attorneys for Plaintiff
United States of America

FILED
NOV 16 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 07CR2878-LAB |
| Plaintiff, | STIPULATION AND JOINT MOTION FOR RELEASE OF MATERIAL WITNESSES AND ORDER THEREON |
| v. | |
| JOSE LUIS QUINTERO-ARIAS, | |
| Defendant. | |

IT IS HEREBY STIPULATED AND AGREED between the Plaintiff, UNITED STATES OF AMERICA, through its counsel, Karen P. Hewitt, United States Attorney, and Timothy F. Salel, Assistant U.S. Attorney, and Defendant JOSE LUIS QUINTERO-ARIAS, defense counsel, Timothy Garrison, Esq., Federal Defenders of San Diego, Inc., that:

1. Pursuant to a Plea Agreement, Defendant agrees to plead guilty to Count 1 of the Indictment in Criminal Case No. 07CR2878-LAB charging Defendant with transportation of illegal aliens in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2.

2. There are two material witnesses in this case – (1) Salvador Barragan-Cruz, and (2) Raul Lizarraga-Borguez – whose testimony is material if this case proceeded to trial. As discussed further, the parties stipulate that the two material witnesses would testify to facts relevant to the charges and such testimony would be admissible at trial as statements against interest of an unavailable witness under Fed. R. Evid. 804(b)(3), and Defendant agrees to waive any confrontation clause challenge under <u>Crawford v. Washington</u>, 524 U.S. 36 (2004).

3. Material witness # 1, Salvador Barragan-Cruz, in this case:

    a. Is an alien with no legal right to enter or remain in the United States;

    b. Is a Mexican citizen from Tihuatlan, Vera Cruz, Mexico;

    c. Traveled through the mountains on foot and crossed into the United States from Mexico;

    d. Defendant guided him and the other material witness into the United States from Mexico;

    e. Was to pay $1,500 to be smuggled to a destination within the United States, namely Santa Barbara, California; and

    f. May be released to the United States Department of Homeland Security for return to her country of origin.

4. Material witness # 2, Raul Lizarraga-Borguez, in this case:

    a. Is an alien with no legal right to enter or remain in the United States;

    b. Is a Mexican citizen from Sinaloa, Mexico;

    c. Traveled through the mountains on foot and crossed into the United States from Mexico;

    d. Defendant guided him and the other material witness into the United States from Mexico;

    e. Was to pay $1,300 or $1,400 to be smuggled to a destination within the United States, namely Los Angeles, California; and

    f. May be released to the United States Department of Homeland Security for return to her country of origin.

5. After the material witnesses are ordered released by the Court pursuant to this stipulation and joint motion, if the Defendant withdraws his guilty plea before the plea is accepted by the District Court, the Defendant agrees that, in any proceeding including, but not limited to, motions hearings, trial, sentencing, appeal, or collateral attack, that:

//

Case No. 07CR2878-LAB
Stipulation and Joint Motion For Release of
Material Witnesses and Order Thereon.

2

1      a.     The stipulated facts set forth above shall be admitted as substantive evidence;

2      b.     The United States may elicit hearsay testimony from arresting agents regarding any statements made by the material witnesses provided in discovery, and such testimony shall be admitted as substantive evidence under Fed. R. Evid. 804(b)(3) as statements against interest of an unavailable witness; and

     c.     Understanding that, under <u>Crawford v. Washington</u>, 524 U.S. 36 (2004), testimonial hearsay statements are not admissible against a defendant unless the defendant confronted and cross examined the witness who made the testimonial hearsay statements, Defendant waives the right to confront and cross examine the material witnesses in this case.

Based on the foregoing, the parties jointly move the stipulation into evidence and move for the immediate release of the above-named material witnesses for return to their respective country of origin.

It is so STIPULATED AND AGREED.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

Dated: 11/15/07

_s/ J. Moore for_
PAUL L. STARITA
Assistant U.S. Attorney

Dated: 11/14/07

TIMOTHY GARRISON
Federal Defenders of San Diego, Inc.
Defense Counsel

Dated: 11/14/07

JOSE LUIS QUINTERO-ARIAS
Defendant

Case No. 07CR2878-LAB
Stipulation and Joint Motion For Release of
Material Witnesses and Order Thereon.